UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAVID CALLAWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-307-TS |
| | ) | |
| SUPERINTENDENT, Westville Correctional Facility, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner David Callaway submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 1], challenging a disciplinary hearing at the Westville Correctional Facility.

Pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, district courts are obligated to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions that obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the disciplinary charge; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974). There must be "some evidence" to support

the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

According to the Petition, the Petitioner was charged with committing battery on another person, and the disciplinary hearing board (DHB) found him guilty and sanctioned him with a loss of ten days of earned credit time. The Petitioner appealed, and the institutional reviewing authority and the final reviewing authority affirmed the finding of guilt.

In ground one of his Petition, Callaway states that Indiana Department of Correction (IDOC) policy requires that hearings be conducted within seven days after the incident occurred but that his hearing occurred more than seven days after the incident. Section 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in state custody" "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Violations of prison disciplinary policies, such as is alleged by the Petitioner in ground one of his Petition, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774–75 (N.D. Ind. 1997).

In ground two of his Petition, the Petitioner asserts that the evidence does not support the charge against him, and in ground three, he alleges that he was denied an impartial hearing officer. These claims implicate the Petitioner's Fourteenth Amendment due process rights.

For the foregoing reasons, the Court:

(1) GRANTS the Petitioner leave to proceed on grounds two and three of his Petition for Writ of Habeas Corpus;

(2) DISMISSES the claim presented in ground one of the Petition pursuant to Rule 4 Governing Section 2254 Cases; and

(3) DIRECTS the Clerk of this Court to ensure that a copy of this Order is served on the Respondent and the Indiana Attorney General along with the Order to show cause.

SO ORDERED on October 14, 2010.

                                           s/ Theresa L. Springmann  
                                           THERESA L. SPRINGMANN  
                                           UNITED STATES DISTRICT COURT  
                                           FORT WAYNE DIVISION