# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DAVID CALLAWAY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:10-CV-307-TLS |
| SUPERINTENDENT, Westville Correctional Facility, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Petitioner David Callaway, a prisoner confined at the Westville Correctional Facility, submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 1] challenging a loss of ten days of earned credit time at a prison disciplinary hearing ISP # 10-02-0140. As an inmate in Indiana, the Petitioner has a protected liberty interest in good-time credits he has earned because loss of such credits affects the length or duration of his confinement. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curium); *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). Accordingly, habeas corpus relief is an appropriate remedy to seek for loss of good-time credits. *Cochran*, 381 F.3d at 639; *Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000); *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The Respondent has filed a Motion to Dismiss [ECF No. 10] asking the Court to dismiss the Petition because on January 24, 2011, the Indiana Department of Correction Final Reviewing Authority, Charles Penfold, issued a decision dismissing case number ISP 10-02-0140 and rescinding the sanctions imposed as a result of the proceeding. Along with its Memorandum in Support, the Respondent has submitted a letter dated January 24, 2011, from Mr. Penfold to the Petitioner that confirms that the case has been dismissed and all sanctions rescinded. (ECF No.

11-1.)

As of the date of this Opinion and Order, the Petitioner has not responded to or otherwise opposed the Respondent's Motion. The Respondent's submissions establish that the prison disciplinary hearing board decision he contests in his Petition has been set aside and that the board's decision no longer affects the length or duration of the Petitioner's confinement. Setting aside the finding of guilt and restoring lost earned credit time is the only relief the Petitioner would receive if the Court were to adjudicate the merits of this petition, so he has already received all of the relief he could receive in this action. When it appears that a court lacks jurisdiction of the subject matter or that a person lacks standing because he cannot show a reasonable probability of obtaining any tangible benefit from winning, the court is to dismiss the action. *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998); *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992).

Accordingly, the Court GRANTS the Respondent's Motion to Dismiss [ECF No. 10] this Petition and DISMISSES this Petition AS MOOT.

SO ORDERED on March 15, 2011.

                                                        s/ Theresa L. Springmann  
                                                       THERESA L. SPRINGMANN  
                                                       UNITED STATES DISTRICT COURT  
                                                       FORT WAYNE DIVISION